1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9        FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11   RAMIRO MARQUEZ,                      No C-08-4299 TEH (PR)

12             Petitioner,

13        v.                              ORDER TO SHOW CAUSE

14   BEN CURRY, WARDEN,

15             Respondent.

16   _____/

17

18        Petitioner, a state prisoner incarcerated at the

19   Correctional Training Facility in Soledad, California, has filed a

20   pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254

21   challenging the California Board of Parole Hearings' ("B.P.H.")

22   refusal to grant him parole at his most recent parole hearing held

23   on April 6, 2006.

24

25                              I

26        In October 1983, Petitioner was convicted in Los Angeles

27   County Superior Court of first degree murder and attempted murder

28   with firearm and great bodily injury enhancements and was sentenced

to an indeterminate term of 27 years to life in state prison. Petitioner's minimum parole eligibility date was October 6, 1999.

Petitioner filed a pro se Petition for Writ of Habeas Corpus in Los Angeles County Superior Court, which was denied on September 13, 2007.  The California Supreme Court denied a Petition filed there on April 23, 2008.

II

This Court may entertain a Petition for a Writ of Habeas Corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

Petitioner seeks federal habeas corpus relief due to BPH's failure to grant him parole at his April 6, 2006 parole hearing on the ground that the denial violates due process.  Among other things, Petitioner claims that the decision is not supported by some evidence in the record.

Liberally construed, Petitioner's claim appears colorable under § 2254 and merits an Answer from Respondent.  See Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1127-29 (9th Cir. 2006) (finding that refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process

2

1  protections).

2

3                                  III

4        For the foregoing reasons and for good cause shown,

5        1.   The Clerk shall serve a copy of this Order and the

6  Petition and all attachments thereto on Respondent and Respondent's

7  attorney, the Attorney General of the State of California.  The

8  Clerk also shall serve a copy of this Order on Petitioner.

9        2.   Respondent shall file with the Court and serve on

10 Petitioner, within 60 days of the issuance of this order, an Answer

11 conforming in all respects to Rule 5 of the Rules Governing Section

12 2254 Cases, showing cause why a Writ of Habeas Corpus should not be

13 granted.  Respondent shall file with the Answer and serve on

14 Petitioner a copy of all portions of the state trial record that

15 have been transcribed previously and that are relevant to a

16 determination of the issues presented by the Petition.

17       If Petitioner wishes to respond to the Answer, he shall do

18 so by filing a Traverse with the Court and serving it on Respondent

19 within 30 days of his receipt of the Answer.

20       3.   Respondent may file a Motion to Dismiss on procedural

21 grounds in lieu of an Answer, as set forth in the Advisory Committee

22 Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If

23 Respondent files such a motion, Petitioner shall file with the Court

24 and serve on Respondent an Opposition or Statement of Non-Opposition

25 within 30 days of receipt of the motion, and Respondent shall file

26 with the Court and serve on Petitioner a Reply within 15 days of

27 receipt of any Opposition.

28

United States District Court

For the Northern District of California

3

4.   Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED     03/30/09

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.08\Marquez-08-4299-osc.wpd

4