IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO MARQUEZ, | No. C-08-4299 TEH (PR) |
| Petitioner, | |
| v. | ORDER OF DISMISSAL |
| BEN CURRY, WARDEN, | |
| Respondent. | (Doc. #8) |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, claiming that (1) the California Board of Parole Hearings' ("BPH") and the state courts' use of the "some evidence" standard set forth in Superintendent v. Hill, 472 U.S. 445, 457 (1985) to determine a prisoner's parole suitability is unconstitutional (Claim One); (2) BPH's April 6, 2006 decision to deny Petitioner parole was arbitrary and capricious and did not satisfy the "some evidence" standard (Claim Two); and (3) BPH is engaged in a conspiracy to deny parole to as many prisoners "as is humanly possible" (Claim Three). Doc.

#1 at 6.

After the Court issued an order to show cause why a writ of habeas corpus should not be granted, Respondent filed, and the Court granted, a Motion to Dismiss the Petition as "mixed" because it contained both exhausted and unexhausted claims. Doc. ## 4 & 7; See Rhines v. Weber, 544 U.S. 269, 271, 277 (2005) ("mixed" petition is one that contains both exhausted and unexhausted claims); 28 U.S.C. § 2254(b) & (c). Rather than ordering an outright dismissal, the Court granted Petitioner thirty days to serve and file a notice in which he stated whether he elected to: (1) dismiss the unexhausted claims (Claims Two and Three) and go forward in this action with only the remaining exhausted claim (Claim One); or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition; or (3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. On January 26, 2010, Petitioner filed a Motion to Dismiss his unexhausted claims (Claims Two and Three) and proceed with his sole exhausted claim (Claim One). Doc. #8.

I

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be

2

granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

A habeas petition may be dismissed if it plainly appears from the face of the petition and any exhibits attached thereto that the petitioner is not entitled to relief. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Summary dismissal is appropriate if the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Id.

## II

In Claim One, Petitioner challenges the constitutionality of BPH's use of the "some evidence" standard set forth in Superintendent v. Hill, 472 U.S. 445, 457 (1985) and argues that the proper standard of review to be applied at parole suitability hearings is that of a preponderance of evidence.

The Ninth Circuit has made clear that the "some evidence" standard identified by the Supreme Court in Hill is clearly established federal law in the parole context. See Irons v. Carey, 505 F.3d 846, 850 (9th Cir. 2007); Sass v. Calif. Bd. of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006). No Ninth Circuit precedent, much less Supreme Court precedent, even suggests a more stringent standard in the parole suitability context. Accord Nikooseresht v. Curry, No. C 06-4357 MHP (PR), 2007 WL 2088558, at *8 (N.D. Cal. July 18, 2007) (rejecting petitioner's claim that the state must prove his unsuitability for parole under "substantial evidence" standard).

Because it plainly appears from the face of the Petition

3

that Petitioner is not entitled to relief on his claim that the proper standard of review to be applied at parole suitability hearings is that of a preponderance of evidence, the Petition is subject to dismissal. See 28 U.S.C. § 2243.

III

For the foregoing reasons, the Petition for Writ of Habeas Corpus is DISMISSED. The Clerk is directed to terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED   *2/8/10*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.08\Marquez-08-4299-grant mtd-post exhaustion.wpd